OPINION *Page 2 
{¶ 1} On November 10, 2005, the Richland County Grand Jury indicted appellant, Keith Reynolds, on two counts of illegal conveyance of drugs of abuse onto grounds of a detention facility in violation of R.C.2921.36. Said charges arose from incidents wherein appellant hid marijuana under the stamps of two letters and sent them to an inmate in the Mansfield Correctional Institution.
 {¶ 2} A jury trial commenced on November 2, 2006. The jury found appellant guilty as charged. By judgment entry filed November 7, 2006, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "TRIAL COUNSEL'S FAILURE TO CHALLENGE FOR CAUSE JUROR CLARK RENDERED AN INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT IN PREDJUDICED (SIC) HIS RIGHT TO A FAIR AND IMPARTIAL JURY."
 II {¶ 5} "TRIAL COUNSEL'S FAILURE TO OBJECT TO INADMISSABLE (SIC) AND PREDJUDICIAL (SIC) TESTIMONY RENDERED AN INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT."
 {¶ 6} Both of appellant's assignments of error involve claims of ineffective assistance of counsel. The standard this issue must be measured against is set out in State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following: *Page 3 
 {¶ 7} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 8} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 I {¶ 9} Appellant claims his trial counsel was ineffective because he failed to challenge for cause Juror Clark. We disagree.
 {¶ 10} Removing a juror for cause lies in the trial court's sound discretion. State v. Cornwell (1999), 86 Ohio St.3d 560. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. Crim.R. 24(C) governs trial jurors, challenge for cause, and states the following:
 {¶ 11} "A person called as a juror may be challenged for the following causes:
 {¶ 12} "(1) That the juror has been convicted of a crime which by law renders the juror disqualified to serve on a jury.
 {¶ 13} "(2) That the juror is a chronic alcoholic, or drug dependent person.
 {¶ 14} "(3) That the juror was a member of the grand jury that found the indictment in the case. *Page 4 
 {¶ 15} "(4) That the juror served on a petit jury drawn in the same cause against the same defendant, and the petit jury was discharged after hearing the evidence or rendering a verdict on the evidence that was set aside.
 {¶ 16} "(5) That the juror served as a juror in a civil case brought against the defendant for the same act.
 {¶ 17} "(6) That the juror has an action pending between him or her and the State of Ohio or the defendant.
 {¶ 18} "(7) That the juror or the juror's spouse is a party to another action then pending in any court in which an attorney in the cause then on trial is an attorney, either for or against the juror.
 {¶ 19} "(8) That the juror has been subpoenaed in good faith as a witness in the case.
 {¶ 20} "(9) That the juror is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.
 {¶ 21} "(10) That the juror is related by consanguinity or affinity within the fifth degree to the person alleged to be injured or attempted to be injured by the offense charged, or to the person on whose complaint the prosecution was instituted; or to the defendant. *Page 5 
 {¶ 22} "(11) That the juror is the person alleged to be injured or attempted to be injured by the offense charged, or the person on whose complaint the prosecution was instituted, or the defendant.
 {¶ 23} "(12) That the juror is the employer or employee, or the spouse, parent, son, or daughter of the employer or employee, or the counselor, agent, or attorney, of any person included in division (C)(11) of this rule.
 {¶ 24} "(13) That English is not the juror's native language, and the juror's knowledge of English is insufficient to permit the juror to understand the facts and the law in the case.
 {¶ 25} "(14) That the juror is otherwise unsuitable for any other cause to serve as a juror.
 {¶ 26} "The validity of each challenge listed in division (C) of this rule shall be determined by the court."
 {¶ 27} Under this assignment, only challenges (C)(9) and (C)(14) can possibly apply. During voir dire, Juror Clark went up to the bench and discussed his possible prior association with appellant as follows:
 {¶ 28} "JUROR CLARK: Judge DeWeese, I believe I recognize the defendant as an inmate at Lebanon Correctional Institution. I have no way to verify it is or isn't.
 {¶ 29} "THE COURT: You used to be a teacher in the Lebanon Correctional Institution, and you think he looks like a student that used to be in your class?
 {¶ 30} "JUROR CLARK: Correct.
 {¶ 31} "THE COURT: Assuming he was a student in your class at one time, would that influence your judgment? *Page 6 
 {¶ 32} "JUROR CLARK: Not really.
 {¶ 33} "THE COURT: You understand even if he was a student, I don't know whether he was or not, but assuming he was, the fact that he was a student in your class, Lebanon Correctional Institution, is not a basis on which you can decide this case?
 {¶ 34} "JUROR CLARK: Right.
 {¶ 35} "THE COURT: You would agree, an inmate is entitled not to be wrongfully convicted and not to have the fact he is an inmate used against him in a new crime unless it's relevant to that crime?
 {¶ 36} "JUROR CLARK: Absolutely.
 {¶ 37} "THE COURT: Mr. Tunnell?
 {¶ 38} "MR. TUNNELL: I do not have questions.
 {¶ 39} "MR. HITCHMAN: Do you have a specific remembrance that it's Keith or not?
 {¶ 40} "JUROR CLARK: No, I do not. I just have a pretty good memory, no run-ins or anything like that.
 {¶ 41} "MR. HITCHMAN: I'm going to tell you that my client said while you were back there, I want you to ask Mr. Clark if he was a teacher at Lebanon, I remember him there. So he remembers you. But there isn't anything about that that would cause you to favor him or cause you to favor the State or anything of that nature?
 {¶ 42} "JUROR CLARK: No.
 {¶ 43} "MR. HITCHMAN: How long ago was that that you were a teacher?
 {¶ 44} "JUROR CLARK: Oh, I retired in `94. *Page 7 
 {¶ 45} "MR. HITCHMAN: Thank you, sir.
 {¶ 46} "THE COURT: Thank you, Mr. Clark. Thank you for telling us."
 {¶ 47} We find nothing in this colloquy that qualified the juror to be challenged for cause. The statements made by Juror Clark would tend to establish his lack of bias toward appellant because he had no issue with appellant while he was his teacher. The entire case centered upon appellant sending drugs to a prison to his former prison-lover. T. at 127-129. Therefore, the fact that appellant was previously in an institution was known by all the jurors.
 {¶ 48} Upon review, we find no deficiency of counsel on this issue.
 {¶ 49} Assignment of Error I is denied.
 II {¶ 50} Appellant claims his trial counsel was ineffective for failing to object to inadmissible and prejudicial testimony. We disagree.
 {¶ 51} Evid.R. 401 defines "relevant evidence" as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence may be excluded for the following reasons:
 {¶ 52} "(A) Exclusion mandatory
 {¶ 53} "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 {¶ 54} "(B) Exclusion discretionary *Page 8 
 {¶ 55} "Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403.
 {¶ 56} Appellant challenges the testimony of Ohio State Highway Patrol Trooper Doug Hamman at pages 128-129, 141, 174,179, 183, 185, and 186. Appellant argues most of the above cited testimony was based upon Trooper Hamman's speculations and conclusions and were not based on personal knowledge or personal observation.
 {¶ 57} The evidence in this case included two stamps on a letter postmarked from Cleveland to an inmate in the Mansfield Correctional Institution, Greg Scott. State's Exhibits 1-A, 1-B, and 2. Corrections Officer David Hamm inspected incoming mail and determined the stamps on this particular piece of mail appeared suspicious. T. at 113-114, 116-117. He turned the letter over to Trooper Hamman who discovered marijuana underneath the stamps. T. at 118, 124-126. The letter was unsigned, and the complained of testimony sought to establish that appellant had sent the letter in question. T. at 130. After searching Mr. Scott's cell, letters from appellant to Mr. Scott were found, along with an unsigned letter whereupon the stamps had been removed. T. at 130-131, 139-140; State's Exhibits 8-A, 8-B, and 8-C. The unsigned letter stated, "`Remember what I told you I was going to send you before I left and where at. Stamp. This is it.'" T. at 141. Trooper Hamman theorized marijuana had been previously sent to Mr. Scott, and it "was missed." T. at 139-140, 141. Other cards and letters were found signed by appellant and bearing appellant's return address. T. at 131-138; State's Exhibits 6-A, 6-B, 6-C, 7-A, 7-B, and 7-C. A handwriting expert verified appellant had in fact been the writer of all the documents in question, including the two *Page 9 
unsigned letters. T. at 226-227; State's Exhibit 13. In the unsigned letters, the writer used jail lingo that Trooper Hamman explained as identifying Mr. Scott and appellant as lovers. T. at 128-129.
 {¶ 58} We find the complained of statements not to be inadmissible as they were within Trooper Hamman's knowledge and experience. Also, Trooper Hamman had personally observed the indentations.
 {¶ 59} The other issues raised by appellant involve the interpretation of recorded telephone calls between Mr. Scott and appellant. The tapes were played for the jury. T. at 151, 173. Defense counsel objected to Trooper Hamman interpreting what the jail lingo meant. T. at 164. The trial court permitted the testimony after instructing the prosecutor to lay a proper foundation. T. at 164-165. That foundation was laid. T. at 173-174. Trooper Hamman then explained certain language uttered by appellant on the tape. T. at 174.
 {¶ 60} We do not find any of these statements to be inadmissible, as their probative value are not substantially outweighed by the danger of unfair prejudice to appellant. Appellant was identified by his own handwriting to have sent the letters in question by comparing his signed letters to the unsigned ones. T. at 225. In fact, Trooper Hamman's comments and interpretations were mere window-dressing to the case.
 {¶ 61} Upon review, we find no deficiency of counsel on this issue.
 {¶ 62} Assignment of Error II is denied. *Page 10 
 {¶ 63} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J., Edwards, P.J. and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1